CITY OF MIDDLETOWN, Plaintiff, *v.* WALLKILL TRANSIT COMPANY and ERIE RAILROAD COMPANY, Defendants.

Supreme Court, Orange County, March, 1922.

Railroads — highway bridge — railroad is not relieved of its duty to maintain framework and abutments by agreement of transit company using bridge to keep it in repair — cost of repairs may be recovered by city from railroad — Railroad Law, §§ 93, 178.

A steel and iron highway bridge erected in 1895 within the corporation limits of plaintiff crosses the tracks of the defendant railway company which under the statute (Railroad Law, § 93) is primarily liable for the maintenance of the framework of the bridge and its abutments. Upon and over the bridge a trolley railroad is operated by the defendant transit company whose statutory duty (Railroad Law, § 178) it is to make repairs within the tracks and two feet outside its rails. The bridge being out of repair both defendants were notified to make the necessary repairs and on their failure so to do plaintiff, because of the unsafe and dangerous condition of the bridge, repaired the framework thereof. The proof in an action to recover the reasonable cost of such repairs established that when the bridge was erected by the transit company's predecessor it agreed with the railway company to always maintain and keep the bridge in repair. *Held*, that while such agreement was binding on the transit company it did not relieve the railway company from its obligation to plaintiff under section 93 of the Railroad Law.

In the absence of proof that plaintiff had knowledge of such agreement prior to the trial, it was not bound thereby and was entitled to judgment against the railway company with costs, but the complaint as against the transit company will be dismissed, with costs against the plaintiff.

ACTION to recover cost of repairs to highway bridge crossing railroad.

*E. C. Faulkner*, for plaintiff.

*Watts, Oakes & Bright*, for defendant Erie Railroad Company.

*Taylor & Royce*, for defendant Wallkill Transit Company.

TOMPKINS, J. This action is brought by the city of Middletown to collect the sum of $729.25, being the cost of repairing the framework of a steel and iron highway bridge cross ng the tracks of the Erie Railroad Company and upon and over which bridge the Wallkill Transit Company operates its trolley railroad.

The bridge was erected in 1895 by the predecessor of the defendant Wallkill Transit Company, and afterwards became and is now a part of a public highway in the city of Middletown known as Oliver avenue. The bridge being out of repair and in a dangerous condition, the plaintiff gave notice to both defendants to make the necessary repairs. Upon their failure so to do and because of the unsafe and dangerous condition of the bridge the plaintiff made the necessary repairs of the " framework " of the bridge at the cost above stated, the reasonableness of which is not in dispute.

The claim of the defendant Wallkil  Transit Company is that under the statute it is only liable for repair work on the roadway of the bridge within its tracks and two feet outside of the rails. Railroad Law, § 178.

The defense of the Erie Railroad Company is that when the br dge was erected in 1895, the predecessor of the Wallkill Transit Company, in consideration of the privilege of crossing the Erie Railroad Company's tracks, agreed to maintain the said bridge and keep it in repair.

Section 93 of the Railroad Law provides: " When a highway crosses a railroad by an overhead bridge, the frame-work of the bridge and its abutments shall be maintained and kept in repair by the railroad company, and the roadway thereover and the approaches thereto shall be maintained and kept in repair by the municipality having jurisdiction over, and in wh ch the same are situated."

This law makes the Erie Railroad Company primarily liable for the maintenance of " the frame work of the bridge and its abutments; " while section 178 of the Railroad Law makes it the duty of the trolley company to make repairs within the tracks and two feet outside its rails and the plaintiff concedes that it is its duty to keep the other part of the roadway in repair.

Assuming, as I shall for the purposes of this decision, because I think the fact was established by the proof, that when the bridge was erected by the trolley company's predecessor, it agreed with the Erie Railroad Company to always maintain and keep the bridge in repair, and by which agreement the defendant Wallkill Transit Company is bound, I think nevertheless that such agreement does not relieve the Erie Railroad Company from its obligation to the plaintiff under section 93 of the Railroad Law.

The city was not a party to that agreement and there is no proof that it had any knowledge of it prior to the trial of this action, and I think is not bound thereby, and that the plaintiff is entitled to recover in this action the cost of repairing the framework of said bridge.

The railroad company may have its remedy against the transit company for its failure to maintain and repair said bridge.

Judgment will be given in favor of the plaintiff against the Erie Railroad Company for the sum of $729.25, with costs; and the complaint will be dismissed as to the Wallkill Transit Company, with costs against the plaintiff, for the reason that its obligation to the plaintiff under the statute is only to keep in repair a part of the roadway of the bridge, and there is no claim that any part of the amount sued for was for such repairs.

Judgment accordingly.